IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2006

**STATE OF TENNESSEE v. JUDGE BROOKS**

**Appeal from the Criminal Court for Shelby County**
**No. 03-8238 Joseph B. Dailey, Judge**

―――――――――

**No. W2004-02834-CCA-R3-CD  - Filed August 31, 2006**

―――――――――

JOSEPH M. TIPTON, J., concurring and dissenting.

I concur in the reasoning and result reached in the majority opinion save in one area. I respectfully disagree with its conclusion that the defendant's right to confrontation was forfeited by virtue of his wrongfully killing the victim. The majority opinion essentially holds that wrongfully causing the victim's unavailability to testify at the defendant's trial for murdering the victim forfeits the defendant's right to confrontation, which allows all relevant statements by the victim to be admitted into evidence. I believe the forfeiture by wrongdoing doctrine should require that the defendant procure the absence of the declarant with the intent that the declarant not be a witness.

The United States Supreme Court first used the forfeiture doctrine in Reynolds v. United States, 98 U.S. 145 (1879). In Reynolds, the defendant was being tried in the Utah territory for bigamy, and a subpoena was issued for his second wife, who was known to live with the defendant. When the officer inquired of her whereabouts, the defendant said he would not tell the officer and stated, "She does not appear in this case." In her absence, her sworn testimony from a previous bigamy trial of the defendant was admitted. In affirming the conviction, the Supreme Court stated:

> The Constitution gives the accused the right to a trial at which he should be confronted with the witnesses against him; but if a witness is absent by his own wrongful procurement, he cannot complain if competent evidence is admitted to supply the place of that which he has kept away. The Constitution does not guarantee an accused person against the legitimate consequences of his own wrongful acts. It grants him the privilege of being confronted with the witnesses against him; but if he voluntarily keeps the witnesses away, he cannot insist on his privilege. If, therefore, when absent by his procurement, their evidence is supplied in some lawful way, he is in no condition to assert that his constitutional rights have been violated.

<u>Id.</u> at 158.  I believe the more reasonable interpretation of <u>Reynolds</u> includes an understanding that the defendant must cause the absence of a person with the intent to prevent him or her from being a witness.

Historically, evidence rules involving hearsay have complied with – and have "dovetailed" with – the restraints of the Confrontation Clause.  The majority opinion, though, and the Sixth Circuit do not see it that way.  In this regard, I note that the Supreme Court has stated that Federal Rule of Evidence 804(b)(6) "codifies the forfeiture doctrine."  <u>Davis v. Washington</u>, ___U.S.___, 126 S. Ct. 2266, 2280 (2006).  The federal rule, like Tennessee Rule of Evidence 804(b)(c), requires the absence to be procured for the purpose of preventing the person from being a witness.  If Justice Scalia's statement in <u>Davis</u> regarding the rule codifying the doctrine represents his usual clarity, I do not think we can ignore the defendant's intent in considering whether or not the forfeiture doctrine applies in the present case, whether under the Confrontation Clause of the United States Constitution or the Constitution of Tennessee.

Given that the state did not prove by a preponderance of the evidence that the defendant wrongfully killed the victim in order to prevent her being a witness against him, I would hold that admission of her various statements to her uncle and in her affidavit violated the defendant's right to confrontation.  However, given the other evidence, including the defendant's statement to Officer Wells, I would hold that the violation was harmless beyond a reasonable doubt.

_____
JOSEPH M. TIPTON, JUDGE